### VON GERICHTEN v. SEITZ.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. SLANDER—CHARGING ANARCHY.

Pen. Code, §§ 468a, 468b, define criminal anarchy as the doctrine that organized government should be overthrown by force or violence, and prescribe the punishment therefor. *Held*, that one who charges another with being an anarchist, intending thereby to charge that he is an advocate of the overturning, by violence, of government and law and order, is guilty of slander; the word "anarchy" reasonably including that meaning.

Appeal from Special Term, Erie County.

Action by William Von Gerichten against Frederick Seitz. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bartlett & Baker, for appellant.

P. J. Keeler, for respondent.

STOVER, J.    The allegation is that the defendant uttered concerning the plaintiff, in the presence of other persons, the following false, scandalous, and defamatory words:

"'You [this plaintiff meaning] are an anarchist;'" "'He [this plaintiff meaning] is an anarchist;'" "'You [this plaintiff meaning] are a disturber;' thereby intending to and in fact charging that this plaintiff was an anarchist, and a believer and advocate of the principles of anarchy, and that this plaintiff believed in and advocated the overturn by violence of all constituted forms and institutions of society and government, and all law and order, and all rights of property, with no purpose of establishing any other system of order in the place of that destroyed, and that this plaintiff was a person who advocated, prompted, and excited revolt against established rule, law, and custom, and that this plaintiff was a believer in, and an advocator of, a state of society in which there is no capable supreme power—social and political confusion."

There was a second count alleging other language, but that need not be considered on this appeal.

There are no special damages alleged in the complaint.    The plaintiff alleges, however, that he is and has been a minister of the gospel, residing in the city of Buffalo, and is now and has been the pastor of a church in that city.

In order to maintain the action, it should appear that the words are such as to charge the plaintiff with an indictable offense, involving moral turpitude, or which would subject the plaintiff to infamous punishment.    Upon his brief the plaintiff has cited many cases in which the charge fell short of these requirements, but the cases, being those of libel, have no application to an action of slander; the distinction being quite broad, and the rule quite well settled.

By section 468b of the Penal Code:

"Any person who (1) by word of mouth or writing advocates, advises or teaches the duty, necessity or propriety of overthrowing or overturning organized government by force or violence, or by assassination of the executive head or of any of the executive officials of government, or by any unlawful means * * * is guilty of a felony and punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars."

By section 468a:

"Criminal anarchy is the doctrine that organized government should be overthrown by force or violence, or by assassination of the executive head or of any of the executive officials of government, or by any unlawful means. The advocacy of such doctrine either by word of mouth or writing is a felony."

"Anarchy" is a term which has been used in recent years to describe a lawless and dangerous doctrine, and its advocates have been looked upon as persons dangerous to society, and some of its more outspoken and unbalanced disciples have become assassins.    The student of social science and systems may discriminate between the mere theorist who propounds doctrines that are regarded by a vast majority of the people as impracticable and demoralizing, and the destroyer of government.    The investigator may listen with tolerance to the advocates of doctrines that none suspect will ever be accepted, but which may be

regarded as chimerical, and for that reason not dangerous; but the law takes cognizance of criminal anarchy only, and that is defined in the section of the statute above quoted. There may be, as is urged here, anarchy which is not under the condemnation of the law, and with that we have no concern. If the plaintiff has appropriately set forth language which charges him with advocating the overturning by violence of all organized government, he has made out his cause of action.

Now, what is the charge? "You (the plaintiff meaning) are an anarchist." If it be true that there is a distinction between criminal anarchy and anarchy which is not condemned by law, then the charge, standing by itself, would be insufficient to sustain an action for slander; but with the innuendo that this charge was intended to and did in fact, charge that the plaintiff was an advocate of the principles of anarchy, namely, the doctrine "that organized government should be overthrown by force and violence," then, it seems, the charge has been made out. And while the plaintiff, by the addition of innuendo, could not change the meaning of the words beyond their fair or plain meaning, yet, if this was the fair meaning and intent of the words, he has made out a case. It is not the believing alone in the principles of anarchy which would condemn the plaintiff, for no mere belief, however dangerous, can be the subject of criminal prosecution; but the advocacy of criminal anarchy—that is, advising or advocating the overturning by violence of organized government—is condemned by law, and can be made the basis of a criminal prosecution. Nor can we say that the fair meaning of the words is not such as to warrant one in believing that it was intended to charge that the plaintiff advocated criminal anarchy. It may be that upon a trial it can be shown that the words were not intended to be taken in their broadest sense, but, for the purposes of the demurrer, it must be assumed that the allegations of the complaint are true, and the words, being capable of the construction contended for by the plaintiff, cannot be limited by us to their more innocent interpretation. We think the complaint stated a cause of action, and the demurrer should have been overruled.

Interlocutory judgment reversed, with costs. Demurrer overruled, with costs, with leave to defendant to answer on payment of costs. All concur.